UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00157

ALICE RAGSDALE,                                               Plaintiff

v.

LOGAN'S ROADHOUSE, and
LRI HOLDINGS, INC                                             Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants' Motion to Dismiss.  (Docket No. 3).
Plaintiff Alice Ragsdale has responded, (Docket No. 5, 6) and the time for Defendants to reply
has passed.  This matter is now fully briefed and ripe for adjudication.  For the following
reasons, Defendants' Motion to Dismiss is **DENIED**.

## BACKGROUND

Plaintiff Alice Ragsdale brings this lawsuit, alleging that she was a customer of Logan's
Roadhouse in Paducah, Kentucky on April 13, 2014.  On that date, she claims that a towel
dispenser fell on her, causing personal injury.  Defendants have filed a motion to dismiss,
arguing that Plaintiff's complaint is barred by the statute of limitations for negligence actions.

## STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints,
contain a "short plain statement of the claim showing that the pleader is entitled to relief."  Fed.
R. Civ. P. 8(a)(2).  A defendant may move to dismiss a claim or case because the complaint fails
to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b).  When considering a
Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the
complaint are true and draw all reasonable inferences in favor of the nonmoving party.  *Total*

*Benefits Planning Agency, Inc.*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)).  "The court need not, however, accept unwarranted factual inferences."  *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (citations omitted).  A complaint should contain enough facts "to state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*

Although Rule 12(b) does not specifically address motions to dismiss based on the alleged expiration of the applicable statute of limitations, a complaint that shows on its face that relief is barred by the affirmative defense of the statute of limitations is properly subject to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *City of Painesville, Ohio v. First Montauk Fin. Corp.*, 178 F.R.D. 180, 193 (N.D.Ohio 1998).  A

2

statute of limitations defense essentially signifies that the face of the complaint contains an insurmountable bar to relief, indicating that the plaintiff has no claim.  S*ee Ashiegbu v. Purviance*, 76 F.Supp.2d 824, 828 (S.D. Ohio 1998) (*citing Rauch v. Day & Night Mfg.*, 576 F.2d 697, 702 (6th Cir. 1978)).

### DISCUSSION

Plaintiff's alleged injury occurred on April 13, 2014.  However, Defendants argue that the Plaintiff did not file her Complaint until June 16, 2015 and thus that her Complaint is barred by the one year statute of limitations in KRS 413.140.  (Docket No. 3).  The Plaintiff responds that the Complaint was filed in McCracken Circuit Court on April 7, 2015.  (Docket No. 5).  The Plaintiff attaches as Exhibit 1 that stamp-filed copy of the Complaint as entered by the McCracken Circuit Court Clerk.  (Docket No. 6).  The Plaintiff alleges that Defendant LRI Holding, Inc. was served on April 13, 2015.  Further, Plaintiff alleges that the Summons was misdelivered to a former Louisville address of Logan Roadhouse's service agent.  When the error was discovered, the Plaintiff requested that the clerk of state court reissue summons and serve Logan's Roadhouse at its current Frankfort address.  (Docket No. 5).  A version of the second summons with the Frankfort address is postmarked June 16, 2015.  (Docket No. 1-1).

The statute of limitations for negligence actions is described in KRS 413.140:

(1) The following actions shall be commenced within one (1) year after the cause of action accrued:
(a) An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant . . .

Federal Rule of Civil Procedure 3 states, "A civil action is commenced by filing a complaint with the court."  As this case was commenced in Kentucky state court, the Kentucky

Rules of Civil Procedure Rule 3.01 states that, "A civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith."

Plaintiff did properly commence her action on April 7, 2015, before the statute of limitations had run.  Under Kentucky law, she must also have issued a summons or warning in good faith.  Under the facts presented here, the Court will recognize an equitable tolling of the statute of limitations. *Robertson v. Commonwealth*, 177 S.W.3d 789 (Ky.2005) (holding that equitable tolling is appropriate in circumstances that are beyond the party's control when the party has exercised due diligence and is clearly prejudiced).  It appears as though the Plaintiff made a good faith effort to issue the summons to Defendants, and thus, the Court will not dismiss her claim based on the statute of limitations. *See Davis v. Bishop*, 2013 WL 5350520, at *3 (E.D. Ky. Sept. 23, 2013) (finding that summons was issued in good faith although it contained the wrong address and the plaintiff did not move to correct the error until approximately six months later).

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, (Docket No. 3), is **DENIED**.